UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANELLE C. CASTELL,

        Plaintiff,                       CIVIL ACTION NO. 07-12641

        v.                               DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a *pro se* appeal of a decision granting plaintiff Supplemental Security Income (SSI) benefits effective February 4, 2005. Plaintiff's onset date was amended to that date. Plaintiff now contends that she never agreed to amend her onset date. This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

Plaintiff filed three applications for SSI benefits. On November 22, 1999, plaintiff filed her first application for SSI, alleging an onset date of April 8, 1999.[1] (Tr. 41-44) The Social

---

[1] Plaintiff was born March 11, 1972, and was 27 years old at the time of her alleged onset date. She alleged disability due to lung disease and back pain.

-1-

Security Administration (SSA) denied plaintiff's application on April 26, 2000. (Tr. 29-33) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 34-36) While the record of that hearing is unavailable, it appears that a hearing was held on November 15, 2000, and plaintiff's claim was denied. (Tr. 197) On May 17, 2001, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 9)

While plaintiff's request for review was pending, she filed a second application for SSI benefits on June 24, 2002, alleging an onset date of March 1, 2002. (Tr. 199-202) The SSA denied plaintiff's second application on January 16, 2003. (Tr. 182) Plaintiff then requested a hearing before an ALJ. (Tr. 187)

On August 28, 2003, the SSA's Appeals Council ordered that plaintiff's first application be remanded for a hearing before an ALJ because it was unable to locate or redevelop the evidence in the missing records. (Tr. 196-198)

Both of plaintiff's applications were combined at the hearing level and a hearing was held on November 4, 2003 before ALJ Bennett Engelman. (Tr. 348-368) On November 12, 2003, the ALJ denied both of plaintiff's applications. (Tr. 14-25) On December 2, 2003, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 12) The Appeals Council denied the request on April 23, 2004. (Tr. 8-10) On May 28, 2004, plaintiff appealed for federal court review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (Civil Action No. 04-71766, D/E #1)

While that federal civil action was pending, plaintiff filed a third application for SSI benefits on November 17, 2004, alleging an onset date of April 8, 1999. (Tr. 410-412) The SSA

denied plaintiff's third application on March 10, 2005, and plaintiff then requested a hearing before an ALJ. (Tr. 406)

On September 29, 2005, in Case No. 04-71766, Judge Gerald E. Rosen ordered that plaintiff's case be remanded to the agency for further proceedings. (Tr. 397-403) In compliance with that order of remand, the SSA's Appeals Council offered plaintiff the opportunity for a new hearing. (Tr. 395)

The remanded cases and plaintiff's third application for SSI benefits were combined in the interest of judicial efficiency. (Tr. 388) Plaintiff was represented by an attorney. On March 15, 2006, ALJ Engelman issued a fully favorable decision finding that plaintiff was disabled as of her amended onset date, February 4, 2005. (Tr. 383-392)

The ALJ's decision gave plaintiff sixty days (that is, until approximately April 4, 2005) to file exceptions with the SSA's Appeals Council, but plaintiff did not file exceptions to the ALJ's decision until May 22, 2006, over one year late. (Tr. 379) According to plaintiff, she had been under the impression that the court remand order would allow disability from the date she last worked in October 2001 and she did not understand why she was allowed benefits only from February 2005. (Tr. 379) Plaintiff also stated that her attorney "signed off" on her case on April 26, 2006, after the ALJ issued his decision but before she had a chance to decide if she wanted to appeal her case. (Tr. 379)

On May 22, 2006, Kenneth F. Laritz, plaintiff's attorney, wrote plaintiff a letter

explaining the history of her amended onset date.² (Tr. 377-78) According to that letter, Laritz and plaintiff had discussed amending the onset date "on several occasions" prior to the ALJ's decision. Laritz then had a conference with the ALJ about plaintiff's claim and the ALJ indicated that he felt that plaintiff was disabled on February 4, 2005. (Tr. 377) Laritz then contacted plaintiff by telephone to discuss the onset date and the ALJ's willingness to issue a favorable decision without the need for a hearing. (Tr. 377) Laritz's letter also noted that, on February 3, 2006, he had informed plaintiff in writing that the ALJ would be issuing a favorable decision finding her disabled as of February 2005 and that plaintiff agreed over the telephone to amend her onset date. (Tr. 377) The letter further explained that, after plaintiff agreed to amend the onset date, Laritz wrote to the ALJ on February 10, 2006, and confirmed the agreement to the change in onset date. (Tr. 377) The ALJ agreed to issue a decision without a hearing and, due to Ms. Castell's dire financial situation, would expedite the decision. (Tr. 377) Laritz's letter further explained that, on February 17, 2006, he confirmed with plaintiff that the ALJ would be issuing a favorable decision with an onset date of disability commencing February 4, 2005. (Tr. 377) According to his May 22, 2007 letter, Laritz sent a status letter to plaintiff on March 8, 2006, indicating that the ALJ's decision should be issued by the end of March 2006 (Tr. 377), and after the ALJ's decision was issued, Laritz sent plaintiff a letter on March 22, 2006, indicating that the ALJ had issued the decision (Tr. 377-78). Finally, Laritz's May 22, 2006 letter noted that plaintiff was "currently in payment status" and that Laritz would not take any further action on her case or file an appeal of the ALJ's decision. (Tr. 378)

---

²Laritz's letter states that he attached copies of his correspondence with plaintiff, but those correspondences do not appear in the record for this case. (Tr. 377)

On February 15, 2007, the Appeals Council requested that plaintiff provide a good cause statement as to why plaintiff's exceptions were not timely filed. (Tr. 375) Plaintiff failed to send in a response, but Laritz did provide a letter to the Appeals Council stating that he was not filing exceptions to the ALJ's decision. (Tr. 374)

On February 20, 2007, plaintiff wrote the Appeals Council another letter, indicating that she and Laritz did not see "eye to eye" and they did not agree about the onset date. (Tr. 373)

On March 28, 2007, the Appeals Council noted that it had not received a response from plaintiff within thirty days as requested and, accordingly, it found no good cause to excuse the untimely filing and dismissed plaintiff's request for review. (Tr. 370) The ALJ's decision thus became the final decision of the Commissioner.

On April 2, 2007, plaintiff sent another letter to the SSA's Appeals Council regarding the ALJ's decision and asking the Appeals Council to reopen her case. (Tr. 372)

On June 21, 2007, plaintiff filed *pro se* this suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (D/E #1)

On July 5, 2007, in response to plaintiff's April 2, 2007 letter, the Appeals Council found that good cause had not been established for plaintiff's untimely appeal and that there was no basis for reopening her case. (Tr. 369)

As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends that, because the ALJ erred in determining the onset of her disability. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). See also 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See also 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims. 20 C.F.R. § 416.920. In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

>The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

>Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

"Once a finding of disability is made, the ALJ must determine the onset date of the disability." McClanahan v. Commissioner of Social Security, 474 F.3d 830, 833-834 (6th Cir. 2006). Social Security Ruling 83-20 governs the determination of disability onset date. That

ruling provides that "[t]he onset date of disability is the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20 at *1. That ruling also provides

> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record. [SSR 83-20 at *3.]

### A. Alleged Onset Date

In this case, there is some dispute over what date plaintiff alleged was her onset date. In plaintiff's third and final application for SSI benefits, she originally alleged a disability onset date of April 8, 1999. (Tr. 410-412) Further, she admits that she was working through October, 2001. However, according to both plaintiff's attorney Kenneth Laritz and the ALJ, plaintiff amended her onset date to February 4, 2005.

As described above, Laritz stated in a letter that, after he discussed the matter with plaintiff, plaintiff agreed to amend her onset date to February 4, 2005, given that the ALJ had agreed to issue a favorable decision for that onset date and that the ALJ would expedite that decision without the need for a hearing. (Tr. 377)

The ALJ stated in his decision that plaintiff's alleged onset date was amended to February 4, 2005, prior to the ALJ's decision. (Tr. 388) Presumably, the ALJ relied on the representations made by Laritz. Laritz claims he wrote to the ALJ on February 10, 2006, and confirmed the agreement to the change in onset date. (Tr. 377) Pursuant to SSR 83-20, "[a] change in the alleged onset date may be provided in a Form SSA-5002 (Report of Contact), a letter, another document, or the claimant's testimony at a hearing." SSR 83-20 at *2. Moreover,

-8-

as noted by the Commissioner, "when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."  Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).

Given the representations of plaintiff's attorney to the ALJ, as well as his subsequent letter to the Appeals Council, substantial evidence supports the ALJ's finding that plaintiff amended her alleged onset date in consideration for an expedited opinion in her favor and that plaintiff's alleged onset date was February 4, 2005.

### B.  Consistency of Alleged Onset Date with Medical Evidence

As discussed above, "the date alleged by the individual should be used if it is consistent with all the evidence available."  SSR 83-20 at *3.  In this case, the ALJ considered the medical evidence and, based on a psychological evaluation by Dr. Margaret K. Cappone, found that, as of February 4, 2005, plaintiff's mental impairment met the requirements of 12.04C (major depression), an impairment, listed in the Regulations found in Appendix 1, Subpart P, Regulation No. 4 (step three).  (Tr. 390)  Specifically, the ALJ noted that Dr. Cappone examined plaintiff February 4, 2005, at the request of the state agency (Tr. 415-19) and, after the examination, Dr. Cappone diagnosed plaintiff with major depressive disorder and assigned a Global Assessment of Functioning (GAF) score of 45.  (Tr. 419)

Although the Commissioner is not required to present evidence that would eliminate a possible onset date prior to February 4, 2005, the Commissioner still must establish by substantial evidence that the disability began on the examination date.  See Blankenship v. Bowen, 874 F.2d 1116, 1122 (6th Cir. 1989).  In this case, the ALJ noted that the record reveals

a history of treatment for depression prior to Dr. Cappone's examination (Tr. 389), but he did not cite to any specific part of the record in support of that statement. Dr. Cappone stated that plaintiff was first diagnosed with depression in September 2004 (Tr. 415), but there is no such diagnosis in the record. Plaintiff fails to identify any evidence suggesting that she has an earlier onset date for her depression. On the other hand, on February 4, 2005, Dr. Cappone described the effects of plaintiff's condition and she indicated that plaintiff had a GAF score between 41 and 50, which suggests a serious impairment. (Tr. 415-419)

Considering all the evidence, the record does not support an earlier onset date for depression. On the basis of Dr. Cappone's findings and plaintiff's allegations, however, the ALJ's decision that plaintiff was disabled as of February 4, 2005, is supported by substantial evidence.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


<u>s/Virginia M. Morgan</u><br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated:  April 11, 2008

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on April 11, 2008.

<u>s/Jane Johnson</u><br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan