UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANELLE C. CASTELL,

    Plaintiff,

vs.

COMMISSION OF
SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No.
07-CV-12641

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT and DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Virginia M. Morgan has submitted a report and recommendation in which she recommends that the court grant defendant's motion and deny plaintiff's motion. Plaintiff has filed objections and defendant has responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the matter without oral argument.

This is a social security disability matter in which defendant has granted plaintiff's application. While plaintiff, not surprisingly, does not challenge defendant's decision finding her disabled and entitled to benefits, she does take issue with the disability onset date. Defendant found this date to be February 4, 2005, while plaintiff believes she has been disabled since April 1999 (Tr. 51) or March 2002 (Tr. 215). Thus, the issue is whether substantial evidence supports defendant's selection of the more recent disability onset date.

Initially, the court notes that plaintiff commenced suit after expiration of the 60-day filing deadline imposed by 42 U.S.C. § 405(g). Under that statute, a claimant for social security

benefits "may obtain a review of [a final] decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* In the present case, the ALJ's decision awarding plaintiff benefits, and setting February 4, 2005, as the disability onset date, is dated March 15, 2006 (Tr. 383-92). This is the commissioner's final decision because it was not reviewed by the appeals council. *See* 20 C.F.R. § 405.372.[1] Plaintiff therefore had until approximately May 20, 2006 (60 days after the presumed receipt of the ALJ's decision) to commence suit. She missed this deadline by approximately 13 months. Nonetheless, the 60-day filing deadline is not jurisdictional, but rather a statute of limitations that is deemed waived if not timely asserted. *See Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). In the present case, defendant has not raised the untimeliness of plaintiff's complaint. The defense has therefore been waived.

---

[1] Plaintiff appealed *pro se* by letter dated May 22, 2006 (Tr. 379), long after the 30-day period for the filing of "exceptions" had expired. *See* 20 C.F.R. § 404.984(b)(1). In a notice to plaintiff's attorney dated February 15, 2007, the appeals council noted that plaintiff had not appealed within 30 days after receipt of the ALJ's decision, and asked her to demonstrate that she had requested additional time to do so during that 30-day period (Tr. 375). Plaintiff's attorney responded by letter dated February 20, 2007, indicating he did not file objections to the ALJ's decision and did not intend to (Tr. 374). In a *pro se* letter to the appeals council dated February 20, 2007, plaintiff indicated that she and her attorney disagreed as to whether the ALJ's decision should be appealed and that she had been occupied dealing with a criminal matter involving her son on April 6, 2006 (Tr. 373). In a notice dated March 28, 2007, the appeals council indicated it had received plaintiff's attorney's letter, but nothing from plaintiff, and that it "finds no good cause to excuse your untimely filed exceptions [to the ALJ's decision] and dismisses your request for further review. The Administrative Law Judge's decision, following the district court's remand, is the final decision of the Commissioner" (Tr. 370). Plaintiff responded *pro se* on April 2, 2007, by "writing to ask the Council to reopen my claim because I responded the same day I received your letter dated 2-20-07" (Tr. 372). Plaintiff commenced suit on June 21, 2007 [docket entry 1]. In a notice dated July 5, 2007, the appeals council indicated it "finds no basis for reopening your case, and our rules do not provide for any further appeal. Therefore, the Administrative Law Judge's decision issued March 15, 2006, stands as the final decision of the Commissioner in your case" (Tr. 369).

2

On the issue of plaintiff's disability onset date, substantial evidence supports the ALJ's decision setting the date at February 4, 2005. This date corresponds with the date of a psychiatric/psychological report by Dr. Margaret Cappone, a psychologist who diagnosed plaintiff with major depressive disorder and gave her a GAF score of 45 (Tr. 415-19). The ALJ noted that while plaintiff had been diagnosed with depression in the past, the symptoms now being reported had worsened (Tr. 389). Neither in her summary judgment motion nor in her objections to the magistrate judge's report and recommendation does plaintiff point specifically to anything in the record that would support an earlier disability onset date than that chosen by the ALJ.[2]

Further, shortly before the ALJ issued his decision, plaintiff's then attorney informed the ALJ that plaintiff agreed to amend her disability onset date to February 4, 2005 (Tr. 377). In her summary judgment motion and in her objections, plaintiff says she did not agree to the more recent date. Whether she agreed to it or not, the ALJ was entitled to rely on the representation of plaintiff's attorney. Moreover, the onset date is consistent with the medical evidence cited by the ALJ, and plaintiff has pointed to no medical evidence to the contrary. Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the court.

---

[2] In her summary judgment motion, plaintiff asserts that she has "been dealing with the same situation since 1999." Whatever plaintiff means by "the same situation," clearly she has not been disabled since 1999 because her earnings records show she was working in 2000 and 2001 (Tr. 204, 208). In her objections, plaintiff asserts that she was diagnosed with depression "in 2002, 2003 by Dr. Novelso at Ruffin Health Center Saginaw." Plaintiff does not cite to the record. The records from Dr. Bernard Noveloso diagnosed only sarcoidosis (Tr. 320), and the records from the Roosevelt Ruffin Community Health Center mention only plaintiff's neck, back and shoulder pain (Tr. 270-77, 299-303).

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 30, 2008
    Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman